# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| STEVEN HILL, | ) | |
| | ) | |
|     Plaintiff, | ) | No. 3:14-cv-01756 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| YOSHI QUEZERQUE, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## M E M O R A N D U M

The plaintiff, an inmate in the Metro-Davidson County Detention Facility (MDCDF) in Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 seeking damages, along with declaratory and injunctive relief, against MDCDF corrections counselor Yoshi Quezerque, MDCDF unit manager Yesenia Bermudez, MDCDF case manager Kizzy Hawkins, MDCDF internal affairs investigator Michael Davis, and Corrections Corporation of America. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**A.     Initial Review of the Complaint**

Under the PLRA, the court is required to dismiss *sua sponte* any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *see also* 42 U.S.C. § 1997e(c). The court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The plaintiff's complaint is brought under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The complaint alleges that the plaintiff was transferred to the MDCDF in April 2014. According to the complaint, upon his arrival at the facility, the plaintiff wrote a letter to defendant Hawkins asking if the plaintiff could be placed in a special needs unit "due to his sexual orientation and a pending civil suit [involving] sexual assault, harassment, and battery in federal court. The plaintiff Hill was aware that the defendant on the pending lawsuit had family members that was [sic] housed at the same facility (CCA)." (Docket No. 1 at p. 5). The plaintiff was granted a classification hearing and, during that hearing, the plaintiff's letter to Hawkins was read aloud. Present at the hearing were defendants Quezerque, Bermudez, and Davis.

After the hearing, the plaintiff was placed in "Fox Trot," a special needs unit for which defendant Quezerque was the correctional counselor and defendant Bermudez was the unit manager. After the plaintiff's placement in Fox Trot, "several inmates" told the plaintiff that defendant Quezerque "had shared the confidential information that plaintiff Hill had shared in classification with the facility staff with another inmate in the housing unit." (*Id*. at p. 6).

Because the plaintiff believed that this disclosure placed the his life in danger, he filed an informal resolution against defendant Quezerque. The plaintiff alleges that his grievances concerning the matter have been received but not resolved by defendants Hawkins, Bermudez, and Davis.

2

The warden has since moved the plaintiff to a different unit. The plaintiff believes that he is in danger of "severe bodily injury" because of defendant Quezerque's disclosure of the plaintiff's sexual orientation and the possibility that he could be housed with family members of the defendant in the plaintiff's federal case. (*Id.* at p. 11).

### 1. Failure to protect claims

In *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), the Supreme Court held that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners" under the Eighth Amendment. Thus, a prisoner can show a violation of the Eighth Amendment if he proves both an objective and subjective component of a "failure to protect" claim. First, under the objective component of the claim, the plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm" *id.*, 511 U.S. at 834. Second, under the subjective component, the court examines the defendant's state of mind to determine whether he acted with "deliberate indifference" equivalent to an intent to punish inmate health or safety. *Id.; see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988). To establish the subjective component, a plaintiff must show that the defendants had knowledge of and disregarded an excessive risk to his safety. *Id.* at 837.

Here, however, the plaintiff does not allege that any defendant knew of a specific threat to the plaintiff and disregarded that threat. To the contrary, when the plaintiff sought protected status, he was placed in a special needs unit. After learning of the plaintiff's claim that Quezerque had disclosed the plaintiff's confidential information, the warden moved the plaintiff to a different unit where Quezerque was no longer the counselor. It must be noted, too, that the plaintiff does not know the names of the individuals he fears will harm him, and he is not even sure those individuals are

located at the same facility. Thus, the court finds that, to the extent that the plaintiff raises a failure to protect claim, the allegations of the complaint as stated are too tenuous to support such a claim.

**2. Privacy claim**

With regard to the plaintiff's claim that defendant Quezerque violated the plaintiff's privacy rights by disclosing the plaintiff's sexual orientation to another inmate or inmates, a plaintiff alleging a violation of his right to informational privacy must demonstrate that "the interest at stake relates to 'those personal rights that can be deemed fundamental or implicit in the concept of ordered liberty.'" *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir.1998) (quoting *DeSanti*, 653 F.2d at 1090). Only after a fundamental right is identified should the court proceed to the next step of the analysis—the balancing of the government's interest in disseminating the information against the individual's interest in keeping the information private. *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th Cir.1998). Applying those standards, the Sixth Circuit has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, *see Kallstrom*, 136 F.3d at 1061; and (2) where the information released was of a sexual, personal, and humiliating nature. *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998)(an individual has the "right to control the nature and extent of information released about that individual" and that "has been coined an informational right to privacy," noting specifically "sexuality and choices about sex . . . are interests of an intimate nature which define significant portions of our personhood"); *see also Lambert v. Hartman*, 517 F.3d 433, 440-441 (6th Cir. 2008)(applying *Bloch*).

Here, the plaintiff claims that his right to privacy was violated when his sexual orientation was disclosed by a correctional officer to another inmate. Because a prisoner's sexual orientation

4

is information of a sexual and personal nature, the court finds that the plaintiff has stated a viable right to privacy claim under the substantive due process protections of the Fourteenth Amendment against defendant Quezerque in his individual capacity. *See Bloch*, 156 F.3d at 684; *Lambert*, 517 F.3d at 440-441. Although it is unclear whether the plaintiff ultimately will prevail on this claim, the court finds that the assertion of this claim is not frivolous or malicious under the PLRA.

### 3. Official capacity claims

When a defendant is sued in his official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993).

Here, defendants Quezerque, Bermudez, Hawkins, and Davis are all employees of the MDCDF, which is operated by the Metropolitan Government of Nashville and Davidson County. The plaintiff has named each of them as a defendant in his or her official capacity. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by the Metropolitan Government of Nashville and Davidson County or its agent. *Monell*, 436 U.S. 658, 690-691. In short, for the Metropolitan Government of Nashville and Davidson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The plaintiff offers nothing to suggest that his rights were violated pursuant to a policy or regulation of the Metropolitan Government of Nashville and Davidson County. Consequently, the plaintiff has failed to state a claim upon which relief can be granted against defendants Quezerque, Bermudez, Hawkins, and Davis in their official capacities. Those claims will be dismissed.

5

### 4. Failure to respond to grievances

The plaintiff's claims against the remaining defendants in their individual capacities are are premised on those defendants' responses, or lack of responses, to the plaintiff's grievances and/or complaints. Although the plaintiff may feel that his grievances were not taken seriously or handled properly, a plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's claims against the defendants based on their failure to respond to plaintiff's grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

### 5. Claims against Corrections Corporation of America

The complaint does not identify any specific action that Corrections Corporation of America allegedly took that might have given rise to the plaintiff's claims against it.[1] It is not enough for the plaintiff simply to allege that this entity has responsibility over the MDCDF. A plaintiff "must allege how each defendant was personally involved in the acts about which the plaintiff complains." *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Because the plaintiff's allegations fail to otherwise show

---

[1] Although the complaint alleges that "[a]ll of the defendants exhibited deliberate indifference to the rights of inmates by failing to act on information vindicating that unconstitutional acts were occurring" (Docket No. 1 at p. 15), the plaintiff does not explain how CCA allegedly exhibited deliberate indifference to the plaintiff's rights. The complaint does not allege that CCA maintained a policy or practice of violating the plaintiff's constitutional rights or otherwise encouraged any defendant to act in violation of the plaintiff's rights.

how Corrections Corporation of America was involved in the acts about which the plaintiff complains, the court must dismiss the Section 1983 claims against that defendant for failure to state claims upon which relief can be granted.

**B.     Conclusion**

As set forth above, the court finds that, with regard to his right to privacy claim against defendant Quezerque in his individual capacity, the Plaintiff has stated a colorable Fourteenth Amendment claim under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.

However, with regard to the remaining defendants, the court must dismiss all claims for failure to state claims upon which relief can be granted.

An appropriate order shall be entered.

Todd J. Campbell
United States District Judge