IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEVEN L. HILL | ) | |
| | ) | |
| v. | ) | NO: 3:14-1756 |
| | ) | |
| YOSHI QUEZERGUE | ) | |

TO: Honorable Todd J. Campbell, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered September 5, 2014 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Defendant's motion for summary judgment (Docket Entry No. 18), to which the plaintiff has filed a response in opposition. See Docket Entry Nos. 30-31. Also before the Court is the Defendant's reply. See Docket Entry No. 33. For the reasons set out below, the Court recommends that the motion for summary judgment be granted.

## I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Metro-Davidson County Detention Facility ("MDCDF") in Nashville, Tennessee. On

August 26, 2014, he filed this action pro se and in forma pauperis seeking compensatory damages, injunctive relief, and declaratory relief under 42 U.S.C. § 1983 against several defendants based on allegations that his constitutional rights had been violated. See Complaint (Docket Entry No. 1).

The plaintiff alleges that after being transferred to the MDCDF in April 2014, he wrote a letter to case manager Kizzy Hawkins asking if he could be placed in a special needs unit "due to his sexual orientation" and because he believed that family members of a defendant that he was suing in another lawsuit[1] were housed at the MDCDF. See Docket No. 1, at 12. During a classification hearing held for the plaintiff, at which MDCDF corrections counselor Yoshi Quezerque and other prison officials were present, his letter to Hawkins was read aloud. After the hearing, the plaintiff was placed in "Fox Trot," a special needs unit for which Quezerque was the correctional counselor. The plaintiff alleges that "several inmates" told him that Quezerque "had shared" the confidential information contained in the plaintiff's letter "with another inmate in the housing unit. Id. at 13. The plaintiff believes that his life was placed in danger because of Quezerque's disclosure of the plaintiff's sexual orientation and the possibility that he could be housed with family members of the defendant named in the plaintiff's other lawsuit. Id. The plaintiff was eventually moved to another housing unit but contends that he may still be in danger. There are no facts contained in the Complaint expounding upon why the plaintiff believes that his life is in danger.

Although the plaintiff does not allege that he suffered any actual violence or injury from another inmate or prison staff member because of Quezerque's alleged disclosure of information, he contends that he has suffered "depression, mental anguish, fear, and humiliation," Id. at 18. The plaintiff alleges that he filed an information resolution and a grievance about the matter, but that

---

[1] See Hill v. Gooch, et al., 3:14-0595.

2

prison officials failed to respond to his resolution and grievance in accordance with prison policy and further failed to properly investigate the matter. Attached to the plaintiff's complaint is the paperwork he contends he received from his informal resolution and grievance. See Docket Entry No. 1-2.

In the Court's initial review of the complaint, the Court found that the plaintiff's allegations were insufficient to state a claim that his right to personal safety had been violated by prison officials, see Docket Entry No. 3, at 3-4, and that his constitutional rights had been violated by the alleged manner in which prison officials responded to his grievance and complaint about the matter. Id. at 6. However, the Court found that the plaintiff had stated a colorable constitutional claim against Quezerque in her individual capacity that Quezerque had violated the plaintiff's right to privacy by disclosing information about the plaintiff's sexual orientation. Id. at 4-5. Defendant Quezerque filed an answer (Docket Entry No. 9), and the Court has entered a scheduling order (Docket Entry No. 10) allowing for a period of pretrial activity in the action.

In her motion for summary judgment, the Defendant asserts that the complaint must be dismissed because the plaintiff failed to exhaust available administrative remedies before he filed the complaint as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Although the Defendant acknowledges that the grievance form the plaintiff attached to his complaint contains a response purportedly made by MDCDF Warden Blair Leibach in the section entitled "Warden/Administrator's Decision," see Docket Entry No. 1-2, at 5, the Defendant contends that this section has been forged and that Warden Leibach never rendered a final decision on the grievance because the plaintiff failed to file an appeal from the initial denial of his grievance. Additionally, the Defendant contends that the plaintiff has not shown that he suffered a physical injury as a result

3

of the Defendant's alleged disclosure of the information as is required by 42 U.S.C. § 1997e(e). The Defendant further contends that the alleged disclosure of information about the plaintiff's other lawsuit, even if true, failed to fall within the scope of constitutionally protected privacy rights held by the plaintiff. Finally, the Defendant argues that the undisputed material facts do not support the plaintiff's claim that Quezergue disclosed information about the plaintiff's sexual orientation to other inmates, an allegation which Quezergue denies. In support of her motion, the Defendant submits a Statement of Undisputed Facts (Docket Entry No. 26), and relies on the affidavits and attachments thereto of Yesenia Bermudez (Docket Entry No. 20), Michael Davis (Docket Entry No. 21), Kizzy Hawkins (Docket Entry No. 22), Blair Leibach (Docket Entry No. 23), Yoshi Quezergue (Docket Entry No. 24), and Audrey Rimmer (Docket Entry No. 25).

The plaintiff's response in opposition consists of a memorandum (Docket Entry No. 30) and a response to the Defendant's Statement of Undisputed Material Facts (Docket Entry No. 31). The plaintiff asserts that he completely exhausted his administrative grievance procedures, that he did file an appeal to the Warden, and that he received an appeal response, which he "took to be of Blair Leibach." See Docket Entry No. 31, at ¶ 5. The plaintiff further asserts that the exhaustion requirement can be waived by the Court and that Defendant Quezergue did disclose the information at issue to other inmates, and the plaintiff requests the Court to hold an evidentiary hearing at which the inmates should be subpoened to testify. See Docket Entry No. 30, at 2. The plaintiff finally contends that the physical injury requirement of 42 U.S.C. § 1997e(e) can be satisfied even though the physical injury is not observable or diagnosable and even though it does not require treatment by a medical care professional. Id.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. ANALYSIS

Although the plaintiff's allegations concerning his claim against Defendant Quezergue were sufficient to permit the claim to survive frivolity review under 28 U.S.C. § 1915(d), see Docket Entry No. 4, at this stage of the proceedings and when challenged upon a motion for summary judgment, there is insufficient evidence before the Court upon which a reasonable jury could find in favor of the plaintiff on his claim. The Court finds that summary judgment should be granted to the Defendant for several reasons.

First, the plaintiff fails to set forth a cognizable claim for compensatory damages for his alleged mental and emotional injuries. The Prison Litigation Reform Act provides that "[n]o Federal

civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Even though the physical injury required by 42 U.S.C. § 1997e(e) for a Section 1983 claim need not be significant, there must nonetheless be an actual physical injury in order for a claim for damages to go forward. Flanory v. Bonn, 604 F.3d 249, 254 (6th Cir. 2010). The plaintiff seeks damages to compensate him for depression, mental anguish, fear, and humiliation. However, the plaintiff fails to set forth any facts showing that he suffered an actual physical injury because of the alleged wrongdoing of Defendant Quezergue. Accordingly, his claim for damages must be dismissed under Section 1997e(e). See Harden-Bey v. Rutter, 524 F.3d 789, 795 (6th Cir. 2008). See also Carter v. Tucker, 69 Fed.App'x 678, 680 (6th Cir. 2003) (applying physical injury requirement of Section 1997e(e) to Fourteenth Amendment Due Process claim); Geiger v. Jowers, 404 F.3d 371, 374–75 (5th Cir. 2005) (Section 1997e(e)'s damage limitation applies regardless of the nature of the constitutional rights claimed to have been violated).

Second, the Court's initial review specifically permitted the plaintiff's claim against Defendant Quezergue to go forward based only upon allegations that Quezergue disclosed information about the plaintiff's sexual orientation. See Docket Entry No. 3, at 4-5. Accordingly, any claim based upon the alleged disclosure by Quezergue of information about the plaintiff's other pending lawsuit was implicitly dismissed by the Court in its prior review. Such an allegation fails to state a constitutional claim because information about a prior lawsuit simply does not fall within the scope of the type of information to which a right of informational privacy has been recognized. See Bloch v. Ribar, 156 F.3d 673, 684 (6th Cir. 1998); Kallstrom v. City of Columbus, 136 F.3d 1055, 1061 (6th Cir. 1998).

7

Third, the plaintiff has failed to support his claim against Defendant Quezergue with any form of admissible evidence. Although the plaintiff is proceeding pro se, his pro se status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). It is the plaintiff's burden to point to specific admissible evidence that supports his claim. Lujan, 497 U.S. at 888; Banks, 330 F.3d at 892.

Defendant Quezergue has set forth affirmative evidence that she did not disclose information about the plaintiff's sexual orientation to any other inmates as alleged by the plaintiff. Although the plaintiff disputes Quezergue's evidence, he has not offered any actual evidence supporting his dispute. His response to the motion for summary judgment and response to the Defendant's Statement of Undisputed Material Facts are not supported by any of his own evidence or by citation to evidence filed by the Defendant or evidence that is already in the record. Factual statements must be submitted in the form of an affidavit which has been sworn to by the affiant, a statement submitted under the penalty of perjury in accordance with 28 U.S.C. § 1746, deposition testimony, and/or answers to discovery requests. Factual statements not in these forms should be disregarded by the Court. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 969 (6th Cir. 1991). Accordingly, the plaintiff has failed to raise a genuine issue of material fact on this issue. The plaintiff's contention that the Court should hold an evidentiary hearing and subpoena witnesses on his behalf is unpersuasive. The plaintiff bears the burden of supporting his own case, and, as was explained in

the Order entered December 2, 2104 (Docket Entry No. 27), there are many forms of evidence that may be submitted in response to a motion for summary judgment. Live testimony from a witness is neither required from any party, nor is any party entitled to a hearing to illicit such testimony to rebut a motion for summary judgment.

Finally, the Court deems the allegations made by the plaintiff as simply too inconsequential to support an actionable claim that the plaintiff's rights under the United States Constitution were violated. Even if the Court assumes that a right of informational privacy exists regarding information about the plaintiff's sexual orientation, there are no facts showing that the violation of this right rose to the level of supporting a constitutional claim. The rights protected by the Constitution are not implicated by de minimis events, and the infringement or deprivation claimed by a prisoner plaintiff can simply be too fleeting, trivial, petty, or insignificant to support a constitutional claim. See Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Dean v. Conley, 20 Fed.App'x. 294, 296 (6th Cir. Sept.17, 2001) ("The Constitution does not provide an avenue of redress for de minimis events in the life of an inmate."); A'la v. Cobb, 208 F.3d 212 (6th Cir. 2000) ("De minimis events simply do not state constitutional claims."); Thaddeus-X v. Blatter, 175 F.3d 378, 396 and 398 (6th Cir.1999). The allegations of constitutional wrongdoing made by the plaintiff in this action fall squarely within the scope of the type of inactionable conduct that frequently occurs within a correctional institutional.

Because the Court finds that summary judgment is warranted in favor of the Defendants for the reasons set out herein, it is not necessary to address the Defendant's assertion that the plaintiff failed to exhaust administrative remedies.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 18) be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge